UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                            Plaintiff,<br><br>v.<br><br>FRANCISCO CASTRO,<br><br>                            Defendant. | Case No.: 09CR342 JM<br><br>**ORDER ON MOTION TO REQUEST IMPOSITION OF SENTENCE** |

       On June 26, 2009, Defendant Francisco Castro was sentenced to 24 months in the custody of the Bureau of Prisons (BOP) and supervised release for a term of 3 years. (Doc. No. 27.) On March 19, 2012, Mr. Castro's supervised release was revoked, and he served 6 months in the custody of the BOP. Supervised release was reinstated upon his release.

       While on supervised release for the second time, Mr. Castro was arrested and charged with a handful of offenses related to driving a stolen vehicle. As a consequence, on March 5, 2013, the United States Probation Office petitioned the court to issue a no bail bench warrant and that Mr. Castro's supervised release be revoked. (Doc. No. 46.) An arrest warrant was issued. (Doc. No. 47.) Mr. Castro was sentenced and incarcerated in state prison as a result of the charges brought in state court.

       On July 20, 2020, the court ordered, filed nunc pro tunc to date received, Defendant's Motion to Request Imposition of Sentence. (Doc. Nos. 48, 49.) Defendant, who is still

incarcerated in state prison, requests that the court impose sentence on him within 30 days of receiving this request. (Doc. No. 49.) Defendant does so relying on California Penal Code section 1203.2a., "requesting the court to issue its commitment and/or to make other final order terminating its jurisdiction over the petitioner within 30 days after the petitioner has, in the manner prescribed by Penal Code § 1203.2(a) the requested imposition of sentence commencing upon the date of delivery of petitioner to the state prison." (*Id*. at 4.)

But, these protections are not triggered when a no-bail bench warrant is issued as a detainer by a federal judge where the probationer is already in custody serving a sentence for a crime committed while on supervised released. *See e.g., Moody v. Dagget,* 429 U.S. 78 (1976). Once the warrant is executed and Defendant is transferred to the jurisdiction of this court, he will be afforded the opportunity for a prompt hearing on the supervised release violation. Accordingly, Defendant's request for imposition of sentence is **DENIED**. Similarly, the Defendant's request that this court terminate its jurisdiction over him is **DENIED**.

IT IS SO ORDERED.

Dated: July 29, 2020

*Janis L. Sammartino*
For the Honorable Jeffrey T. Miller
United States District Judge